IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALVATORE GENOVESE,<br><br>          Plaintiff<br><br>v.<br><br>THE TRAVELERS HOME AND<br>MARINE INSURANCE<br>COMPANY,<br><br>          Defendant | CIVIL ACTION NO.: 3:17-cv-01936-MEM<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant The Travelers Home and Marine Insurance Company ("Travelers"), by its attorneys, Brooks R. Foland, Esquire and Marshall, Dennehey, Warner, Coleman & Goggin, hereby files a Motion to Dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), and submits the instant Brief in Support of same.

## I. FACTUAL AND PROCEDURAL HISTORY

On January 26, 2017, Plaintiff Salvatore Genovese ("Plaintiff") commenced a civil action against Travelers by Praecipe for Issuance of a Writ of Summons filed in the Court of Common Pleas of Monroe County, Pennsylvania, at Docket No. 616 CV 2017. Doc. 1-3. On September 1, 2017, Travelers filed a Praecipe for

Rule to File Complaint, and on that same date a Rule was issued upon Plaintiff to file a Complaint within twenty days. Doc. 1-5.

On September 21, 2017, Plaintiff filed his Complaint against Travelers with the Court of Common Pleas of Monroe County. Doc. 1-6. The Complaint was served upon Travelers by letter from Plaintiff's counsel to the undersigned counsel, dated September 21, 2017, and received on September 25, 2017. Doc. 1-7.

On October 20, 2017, Travelers timely removed this action from Monroe County to this Court. Doc. 1. Travelers now files a Motion to Dismiss and the instant Brief in Support of same.

According to the Complaint, on or about February 1, 2015, Plaintiff was involved in a motor vehicle accident. Doc. 1-6 at para. 10. Plaintiff avers that he did not sustain any injuries in the accident, but that his vehicle did sustain some property damage, totaling "at least $12,000.00". Doc. 1-6 at paras. 11-12. Plaintiff avers that at the time of the accident, the subject vehicle was insured by an insurance policy issued by Travelers; that he submitted a claim for the property damage; and that Travelers denied his claim. Doc. 1-6 at paras. 6, 13, 16. Plaintiff also alleges that Travelers has breached the terms of his insurance policy by denying his claim for property damages. Doc. 1-6 at para. 20.

In his Complaint, Plaintiff purports to set forth the following three causes of action against Travelers: Count I: Breach of Contract; Count II: Unjust Enrichment; and Count III: Bad Faith.

## II. STATEMENT OF QUESTIONS PRESENTED

**A. Should Count II: Unjust Enrichment be dismissed, with prejudice, where it is duplicative of Count I: Breach of Contract?**

**B. Should Plaintiff's reference to the Unfair Insurance Practices Act within Count III: Bad Faith be stricken from the Complaint, where such allegations do not support a claim for statutory bad faith?**

**C. Should Plaintiff's demand for attorney's fees and costs with respect to Count I: Breach of Contract be dismissed, with prejudice, where the American Rule applies?**

**D. Should Plaintiff's demand for compensatory damages with respect to Count III: Bad Faith be dismissed, with prejudice, where the Bad Faith Statute does not provide for the imposition of such damages?**

**Suggested answer to all of the above: Yes.**

## III. ARGUMENT

### Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), challenges the legal sufficiency of a complaint. In deciding a motion to dismiss, the court must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under

any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York*, 564 F. 3d 636, 646 (3d Cir. 2009) (citations omitted).

### A. **Count II: Unjust Enrichment should be dismissed, with prejudice, since it is duplicative of Count I: Breach of Contract.**

In Count I, Plaintiff purports to set forth a cause of action for Breach of Contract. In Count II, Plaintiff purports to set forth a separate, independent cause of action for Unjust Enrichment. Because these Counts are duplicative of one another, Count II must be dismissed, with prejudice.

It is a fundamental principle of damages that an injured party may not recover twice for the same injury. *D'Adamo v. Erie Ins. Exch.*, 4 A.3d 1090, 1096, 1098 (Pa. Super. Ct. 2010) (citing *Rossi v. State Farm Auto. Ins. Co.*, 465 A.2d 8, 10 (Pa. Super. Ct. 1983)). The purpose underlying this principle is to avoid unjust enrichment. *Id.*

Within the WHEREFORE clause of Count I: Breach of Contract, Plaintiff seeks the following damages: "[A]t least $12,000.00 together with interest, cost of suit, and attorney's fees." Doc. 1-6. Plaintiff seeks these same damages in the WHEREFORE clause of Count II: Unjust Enrichment. *Id*. Thus, if Plaintiff were to prevail with respect to both causes of action, he would be receiving double recovery for the same cause of action and same alleged damages.

Dismissal of Count II is also appropriate, since Federal Rule of Civil Procedure 12(f) permits the Court to strike from a pleading any redundant matter.

"Redundant pleading pleads as separate claims causes of action with identical elements and potential relief." *National Union Fire Ins. Co. v. Essex Ins. Co.,* 2013 U.S. Dist. LEXIS 171401, at *13 (W.D. Pa. 2013).

As discussed above, both Counts I and II seek the same potential relief. Furthermore, both Counts encompass the same elements. For example, within Count I: Breach of Contract, Plaintiff asserts that "Defendants failed to provide the services contracted for and to <u>provide coverage for damages as contemplated by the contract between the parties</u>." Doc. 1-6 at para. 25 (emphasis added). Within Count II: Unjust Enrichment, Plaintiff likewise alleges that "Defendant received a benefit by and through receipt of payment from Plaintiff, yet <u>failed to provide value in the nature of the insurance coverage</u> in exchange for payments from the Plaintiffs in <u>direct violation of the terms and conditions of the parties' written contract.</u>" *Id*. at para. 28 (emphasis added).

Thus, while Plaintiff has labeled Count II as "Unjust Enrichment", it is clear that he is simply reciting the same allegations he uses to support his Breach of Contract claim. In other words, his Unjust Enrichment claim arises from his allegation that Travelers breached the terms of the contract. Counts I and II are, therefore, redundant and Count II must be dismissed, with prejudice.

**B.      Plaintiff's reference to the Unfair Insurance Practices Act within Count III: Bad Faith should be stricken from the Complaint, since such allegations do not support a claim for statutory bad faith.**

Within Count III: Bad Faith, Plaintiff alleges that he is bringing the bad faith claim "as a protective measure in the event that the litigation reveals conduct violative of the Pennsylvania Unfair Insurance Practices Act, 40 P.S. Chapter 4, § 1171.1, et seq." Doc. 1-6 at para. 33. Plaintiff further alleges that "Defendant's conduct set forth above, violates the Pennsylvania Unfair Insurance Practices Act, 40 P.S. Chapter 4, § 1171.1, et seq. ['UIPA'], which serves as evidence of bad faith." *Id*. at para. 39. There is compelling Pennsylvania federal case law, including case law from this Court, which holds that an alleged violation of the UIPA is not relevant to a bad faith claim.

In *Dinner v. United Services Automobile Association Cas. Ins. Co.,* 29 Fed. Appx. 823 (3d Cir. 2002) (unpublished), the Third Circuit affirmed the decision of the district court precluding plaintiff's bad faith expert from testifying regarding the UIPA and the Unfair Claims Settlement Practices Regulations ("UCSP"). Plaintiff asserted that her expert would testify that USAA had not completed its investigation of the claim within thirty days and had not kept the claimant advised why they had failed to do so, as required by the statute. *Id.* at 825.

The Third Circuit considered that prior to *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, the Pennsylvania Superior Court looked to the UIPA and the UCSP

6

when determining whether an insurer is liable for statutory bad faith. *Id.* at 827. *Terletsky*, however, did not consider those statutes. The Third Circuit compared the bad faith standard set forth in *Terletsky* with the provisions of the UIPA and UCSP, and found that "much of the conduct proscribed by the latter is wholly irrelevant to whether an insurer lacks a reasonable basis for denying benefits and, if so, whether it knew or recklessly disregarded that fact."[1] *Id.* Thus, the Third Circuit held that violation of the UIPA or UCSP is not a per se violation of the bad faith standard. *Id.* The District Court's ruling was affirmed. *Id.* at 828.

This Court has since followed the Third Circuit's decision in *Dinner*, and held that alleged violations of the UIPA and UCSP are irrelevant to whether an insurer is liable for statutory bad faith. In *Oehlmann v. Metropolitan Life Ins. Co.*, 644 F. Supp. 2d 521, 528 (M.D. Pa. 2007), this Court considered that while the Superior Court has previously held that a trial court may consider alleged violations of the UIPA and UCSP to determine whether an insurer acted in bad faith, those decisions pre-dated *Terletsky*. Since the landmark test for bad faith

---

[1] Just recently, in *Rancosky v. Wash. Nat'l Ins. Co.*, 2017 Pa. LEXIS 2286 (Pa. 2017), the Pennsylvania Supreme Court stated: "[W]e adopt the two-part test articulated by the Superior Court in *Terletsky* . . . ." *Id.* at *1. The Court also explained that it has previously considered other aspects of claims brought pursuant to Section 8371, and held that "the General Assembly did not intend to give relief to an insured who alleged that his insurer engaged in unfair or deceptive practices in soliciting the purchase of an insurance policy when it enacted Section 8371." *Id.* at *20, n.10 (citing *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, Pa. 2007)).

7

was pronounced in *Terletsky*, federal courts sitting in diversity jurisdiction have refused to consider alleged violations of the UIPA and UCSP, and instead have focused on the *Terletsky* standard. *Id.* at 529.

Thus, this Court adopted the Third Circuit's logic in *Dinner*, and rejected plaintiff's argument that violations of the UIPA and UCSP are bad faith per se. *Id.* at 531; *see also*, *Long v. Hartford Life and Accident Ins. Co.,* 2016 U.S. Dist. LEXIS 115328 (M.D. Pa. 2016) ("Mr. Long's § 8371 bad faith claim must be dismissed, with prejudice to the extent that it rests on violations of the UIPA."); *Strickler v. State Farm Mutual Auto. Ins. Co.*, 2012 U.S. Dist. LEXIS 81850 (M.D. Pa. 2012) (The UIPA "does not, however, provide for a private right of action and its provisions may only be enforced by the Commonwealth's insurance commissioner. Accordingly, the United States Court of Appeals for the Third Circuit and this Court have held that alleged violations of the Unfair Insurance Practices Act do not, in and of themselves, constitute bad faith . . . .").

Thus, Plaintiff's references to the UIPA within paragraphs 33 and 39 of his Complaint should be stricken from the Complaint.

C. **Plaintiff's demand for attorney's fees and costs with respect to Count I: Breach of Contract should be dismissed, with prejudice, since the American Rule applies.**

Within Count I: Breach of Contract, Plaintiff seeks costs of suit and attorney's fees. "[I]t is not the practice of the Pennsylvania courts to award counsel

fees to an adverse party to a cause [sic]." *Mellon Bank v. Aetna Business Credit, Inc.*, 500 F. Supp. 1312, 1321 (W.D. Pa. 1980) (quoting *Corace v. Balint*, 210 A.2d 882 (Pa. 1965)). Rather, the Supreme Court of Pennsylvania has consistently subscribed to the "American Rule."

Pursuant to the American Rule, litigants bear their own costs of suit unless there is a statutory authorization for such recovery, an agreement of the parties, or another established exception. *In re Nomination Petition of Lawrence M. Farnese, Jr.,* 17 A.3d 357 (Pa. 2011) (quoting *Trizechahn Gateway LLC v. Titus,* 976 A.2d 474, 482-83 (Pa. 2009)). This rule also applies to the issue of attorneys' fees. *See Trizechahn Gateway LLC,* 976 A.2d at 482-83 ("Under the American Rule, applicable in Pennsylvania, a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception.")

No such exceptional circumstances are alleged in Plaintiff's Complaint, nor has Plaintiff alleged the application of any statute or other legal authority requiring that Travelers cover his attorney's fees and/or court costs. Plaintiff has not alleged that an agreement existed between the parties, which encompassed the paying of attorney's fees and/or court costs. Plaintiff has also failed to allege some other established exception, and Travelers is not aware of any.

Absent some recognized exception to the American Rule, Plaintiff is not permitted to recover attorney's fees and/or court costs, with respect to Count I, and his request for these damages must be dismissed, with prejudice.

**D.   Plaintiff's demand for compensatory damages with respect to Count III: Bad Faith should be dismissed, with prejudice, since the Bad Faith Statute does not provide for the imposition of such damages.**

Plaintiff's claim for relief with respect to Count III: Bad Faith includes, but is not limited to, a request for "at least $12,000.00 for compensatory damages". Doc. 1-6. Pennsylvania's bad faith statute--42 Pa.C.S.A. § 8371—simply does not provide for compensatory damages.

If the court determines that an insurer has acted in bad faith toward the insured, it may:

> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. C.S.A. § 8371. Despite the clear dictates of this statute, Plaintiff inappropriately requests that this Court award him compensatory damages in relation to his Bad Faith claim.

In *Cummings v. Allstate Ins. Co.*, 832 F. Supp. 2d 469 (E.D. Pa. 2011), the court explained that in *The Birth Center v. St. Paul Companies, Inc.*, 787 A.2d 376

10

(Pa. 2001), the Pennsylvania Supreme Court "unequivocally held that compensatory damages based on Section 8371 are not recoverable." *Id*. at 471. The court dismissed plaintiffs' claim for compensatory damages for statutory bad faith and permitted them to amend their complaint to include a claim for compensatory damages within their contractual claim. *Id*. at 471-72.

As discussed above, Plaintiff has already requested compensatory damages within Count I: Breach of Contract. Thus, Plaintiff's demand for compensatory damages with respect to Count III is duplicative, not permitted by the statute or case law, and must be dismissed, with prejudice.

## IV. <u>CONCLUSION</u>

Defendant Travelers respectfully requests that its Motion to Dismiss be granted; that Count II be dismissed, with prejudice; that paragraphs 33 and 39 of the Complaint be stricken; and that Plaintiff's demand for attorney's fees and costs as to Count I and his demand for compensatory damages as to Count III be dismissed, with prejudice.

|  |  | **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN** |
|---|---|---|
| DATE: | October 27, 2017 | BY: *s/Brooks R. Foland* |

Brooks R. Foland, Esquire
Attorney I.D. No. 70102
Allison L. Krupp, Esquire
Attorney I.D. No. 307013
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011
(717) 651-3713
*Attorney for Defendant*

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served upon the following known counsel and parties of record this 27th day of October 2017 via ECF:

Brett J. Riegel, Esquire
ARM Lawyers
18 North 8th Street
Stroudsburg, PA 18360
*Attorney for Plaintiff*


MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN


BY: *s/Brooks R. Foland*_____
Brooks R. Foland, Esquire