Brett J. Riegel, Esquire

ARM Lawyers

18 North 8th Street

Stroudsburg, PA 18360

Attorneys for Plaintiff


Brooks R. Foland, Esquire

Allison L. Krupp, Esquire

Marshall Dennehey Warner Coleman & Goggin

100 Corporate Center Drive, Ste 201

Camp Hill, PA 17011

Attorneys for Defendant


UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Salvatore Genovese | ) | CASE NO. 3:17-cv-01936 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE Malachy E. Mannion |
| The Travelers Home and Marine Ins. Co. | ) | |
| Defendant | ) | Jury Trial Demanded |

JOINT CASE MANAGEMENT PLAN

Instructions:  In many cases there will be more parties in the action than there are

spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

(Revised 06/2017)

1. Principal Issues

    1.1 Separately for each party, please give a statement summarizing this case:

        By plaintiff(s):

Plaintiff purchased a vehicle from Ray Price and, when leaving the lot, confirmed he had obtained full insurance, including collision coverage, as the vehicle was financed. He was never notified that the collision overage was dropped or modified until after suffering the loss. His communications with Defendant simply included receipt and payment of the premiums.

        By defendant(s):

The issues in this case are whether Defendant The Travelers Home and Marine Insurance Company ("Travelers") breached the terms of Plaintiff Salvatore Genovese's ("Plaintiff") Travelers Policy by denying his claim for property damage to his vehicle sustained in the February 1, 2015 accident; whether Travelers was unjustly enriched through the payment of insurance premiums; and whether Travelers is liable for statutory bad faith due to its denial of Plaintiff's claim for collision coverage.

    1.2    The facts the parties <u>dispute</u> are as follows:

- Whether Plaintiff's insurance policy with The Travelers Home and Marine Insurance Company, Policy No. HVY928602, provides collision coverage for the vehicle Plaintiff was operating at the time of the subject accident.

<u>agree</u> upon are as follows:

- On or about February 1, 2015, Plaintiff was involved in a motor vehicle accident.

- Plaintiff did not sustain any personal injuries in the accident.

- Plaintiff's vehicle did sustain some property damage in the subject accident.

- At the time of the accident, Plaintiff had a motor vehicle insurance Policy that was issued by The Travelers Home and Marine Insurance Company, Policy No. HVY928602 ("Travelers Policy").

- Plaintiff submitted a claim for property damage to his vehicle under the Travelers Policy following the subject accident.

- Travelers advised Plaintiff that the Travelers Policy does not provide collision coverage for the vehicle.

- On January 26, 2017, Plaintiff commenced a civil action against Travelers by Praecipe for Issuance of a Writ of Summons filed in the Court of Common Pleas of Monroe County, Pennsylvania, at Docket No. 616 CV 2017.  Doc. 1-3.

- On September 1, 2017, Travelers filed a Praecipe for Rule to File Complaint, and on that same date a Rule was issued upon Plaintiff to file a Complaint within twenty days.  Doc. 1-5.

- On September 21, 2017, Plaintiff filed his Complaint against Travelers with the Court of Common Pleas of Monroe County.   Doc. 1-6.

- The Complaint was served upon Travelers by letter from Plaintiff's counsel to the undersigned counsel, dated September 21, 2017, and received on September 25, 2017.   Doc. 1-7.

- In his Complaint, Plaintiff purports to set forth the following three causes of action against Travelers: Count I: Breach of Contract; Count II: Unjust Enrichment; and Count III: Bad Faith.

- On October 20, 2017, Travelers timely removed this action from Monroe County to this Court.   Doc. 1.

- On October 27, 2017, Travelers filed a Motion to Dismiss and Brief in Support.

1.3   The legal issues the parties <u>dispute</u> are as follows:

- With respect to the legal issues presented in the pending Motion to Dismiss:
    - Whether Count II: Unjust Enrichment should be dismissed, with prejudice.
    - Whether Plaintiff's reference to the Unfair Insurance Practices Act within Count III: Bad Faith should be stricken from the Complaint.

- Whether Plaintiff's demand for attorney's fees and costs with respect to Count I: Breach of Contract should be dismissed, with prejudice.

- Whether Plaintiff's demand for compensatory damages with respect to Count III: Bad Faith should be dismissed, with prejudice.

- With respect to the legal issues presented by this case overall:

    - Whether the Travelers Policy covers the property damage to Plaintiff's motor vehicle that occurred as a result of the subject accident.

    - Whether Travelers breached the terms and/or conditions of the Travelers Policy.

    - Whether Travelers was unjustly enriched by Plaintiff's payment of premiums for the subject Travelers Policy.

    - Whether Travelers is liable for statutory bad faith, due to its handling of Plaintiff's property damage claim.

    agree upon are as follows:

None at this time.

    1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

    1.5    Identify any named parties that have not yet been served:

None.

    1.6    Identify any additional parties that:

        plaintiff(s) intends to join:

        defendant(s) intends to join:

None at this time.

1.7   Identify any additional claims that:

plaintiff(s) intends to add:

defendant(s) intends to add:

None at this time.

2.0   Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1   Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by <u>Plaintiff</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Sal Genovese | Plaintiff |
| Darlene Brown | Finance Manager at Ray Price |

Disclosed by <u>Defendant</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Marcie Machemer | Travelers Claim Professional |
| Lori Lehrman | Travelers Claim Professional |

3.0   Early Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| Motion to Dismiss Complaint | Travelers | Filed on 10/27/17 |

4.0   Discovery

    4.1   Briefly describe any discovery that has been completed or is in progress:

        By plaintiff(s):

      By defendant(s):

None at this time. Travelers anticipates serving Plaintiff with written discovery requests shortly.

    4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

The parties agree that some or all of the following discovery will likely be conducted in this case: Interrogatories, Request for Production of Documents, Request for Admissions, subpoenaed records, and depositions of the parties and potential non-parties. The discovery will be primarily related to whether the Travelers Policy provides collision coverage for Plaintiff's motor vehicle and whether Plaintiff requested collision coverage for that vehicle.

    4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

None at this time.

4.4 Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:

None at this time.

4.5 For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

4.5.1 depositions (excluding experts) to be taken by:

plaintiff(s): 4      defendant(s): 4

4.5.2 interrogatories to be served by:

plaintiff(s): 40      defendant(s): 40

4.5.3 document production requests to be served by:

plaintiff(s): 30      defendant(s): 30

4.5.4 requests for admission to be served by:

      plaintiff(s): __25__   defendant(s): __25__

4.6  Discovery of Electronically Stored Information

   X  Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

   9 Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

5.0  Protective Order

   5.1  If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

   5.2  If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

Not applicable at this time.

6.0  Scheduling

   6.1  Final date for joining additional parties:

      <u>June 1, 2018</u> Plaintiff(s)

      <u> June 1, 2018</u> Defendants(s)

6.2    Final date for amending pleadings:

      <u>February 1, 2018</u> Plaintiff(s)

      <u> February 1, 2018 </u> Defendants(s)

6.3    All fact discovery commenced in time to be completed by:

      <u>June 1, 2018</u>

6.4    All potentially dispositive motions should be filed by:  <u>September 15, 2018  </u>

6.5    Reports from retained experts due:

      from plaintiff(s) by  <u>July 1, 2018                    </u>

      from defendant(s) by  <u>August 1, 2018                 </u>

6.6    Supplementations due  <u>September 1, 2018            </u>

6.7    All expert discovery commenced in time to be completed by  <u>October 1, 2018</u>

6.8    This case may be appropriate for trial in approximately:

      \_\_\_  240 Days from the filing of the action in this court

      _X_  365 Days from the filing of the action in this court

      \_\_\_  Days from the filing of the action in this court

6.9    Suggested Date for the final Pretrial Conference:

      _December 2018_  (month/year)

6.10   Trial

      6.10.1 Suggested Date for Trial:

      _January 2019_  (month/year)

7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

Sal Genovese

Name

    Plaintiff

Title

Address

( )_____ - _____                    Daytime Telephone

 Brooks R. Foland, Esquire
Name

  Counsel for Defendant
Title

 Marshall Dennehey Warner Coleman & Goggin

 100 Corporate Center Drive, Suite 201, Camp Hill, PA 17011
Address

(717) 651 - 3714                    Daytime Telephone

8.0   Alternative Dispute Resolution ("ADR")

   8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

      ADR procedure  None at this time.

      Date ADR to be commenced   Not applicable
      Date ADR to be completed   Not applicable

   8.2   If the parties have been unable to agree on an ADR procedure, but one or more

        parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

Plaintiff would suggest the matter be referred to mediation.

Defendant is amenable to the possibility of settlement once some discovery has been conducted.

      8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0    Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. ' 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: ___ Y  _X_  N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

        _____ Scranton/Wilkes-Barre
        _____ Harrisburg
        _____Williamsport

**10.0    Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

None at this time.

11.0   Identification of Counsel

Counsel shall be registered users of the court=s Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk=s Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated: 11/17/17             Brett J. Riegel, Esq._____
                      Attorney(s) for Plaintiff(s)
            X     ECF User(s)
            G     Waiver requested (as separate document)
            G     Fed.R.Civ.P.7.1 (statement filed if necessary)∗

Dated: 11/17/17       Brooks R. Foland, Esq._____
                      Attorneys(s) for Defendant(s)
            X     ECF User(s)

       G       Waiver requested (as separate document)

       X       Fed.R.Civ.P.7.1 (statement filed if necessary)*

\* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.