# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SALVATORE GENOVESE, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:17-1936 |
| v. | : | (JUDGE MANNION) |
| THE TRAVELERS HOME & MARINE INSURANCE COMPANY, | : | |
| | : | |
| Defendant | | |

## MEMORANDUM

After the court granted plaintiff Salvatore Genovese[1] five motions for extensions to time to file his brief in opposition to the motion to dismiss his complaint filed by defendant The Travelers Home & Marine Insurance Company and, then after the court granted plaintiff three stays in this 2017 case, the court finally issued an Order giving plaintiff, through his counsel, an ultimatum. Specifically, on January 31, 2019, frustrated by the repeated failure of plaintiff to move his 16-month old case forward, the court issued an Order giving the plaintiff until February 15, 2019 to file a brief in opposition to the motion to dismiss. The court also warned the plaintiff that his "[f]ailure to file a brief in opposition will result in the court dismissing this action without prejudice." (Doc. 32). Despite the court's warning and the fact that the

---

[1]The court is not unsympathetic to the fact that the plaintiff passed away during the pendency of this case. Nonetheless, the court afforded the plaintiff's counsel ample time to determine if plaintiff's heirs wished to pursue this case and they apparently do not. (*See* Doc. 31).

plaintiff's opposition brief was originally due on November 10, 2017, a brief was not filed on behalf of the plaintiff. Nor did plaintiff request a sixth extension of time to do so.

No doubt that district courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). Based on the foregoing, plaintiff's conduct and inaction have indicated a clear intent not to continue with this case, and without his brief, this case cannot move forward. As such, plaintiff's complaint can be dismissed without an analysis of the six factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). *See* Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

In Abulkhair v. New Century Financial Services, Inc., 467 Fed.Appx. 151, 153 (3d Cir. 2012), the Third Circuit explained:

> Under Fed.R.Civ.P. 41(b), a district court may dismiss an action—either sua sponte or upon a motion—if a plaintiff fails to prosecute his case or comply with a court order. *See* Link v. Wabash R.R. Co., 370 U.S. 626, 629-31, 82 S.Ct. 1386 (1962). Prior to such a dismissal, a district court ordinarily must balance the six factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). Where, however, a plaintiff refuses to proceed with his case or otherwise makes adjudication of his case impossible, a balancing of the *Poulis* factors is not necessary. *See* Spain v. Gallegos, 26 F.3d 439, 454–55 (3d Cir. 1994); Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990).

The court has clearly advised the plaintiff of the consequences of his failure to file his brief after affording him many opportunities to do so and

2

therefore, the court will dismiss the plaintiff's case without prejudice. An appropriate order shall issue.

s/ *Malachy E. Mannion*<br>
**MALACHY E. MANNION**<br>
**United States District Judge**

**Date: February 21, 2019**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1936-01.wpd